IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:24-CR-289 |
| | : | |
| v. | : | (MEHALCHICK, J) |
| | : | |
| ALEJANDRO ACEVEDO | : | (Electronically Filed) |

DEFENDANT'S RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER TO LIMIT
DISSEMINATION OF DISCOVERY AND SECTION 3500 MATERIAL

I.     **The Government has not sufficiently established good cause to warrant the issuance of a Protective Order.**

Under Rule 16 of Federal Rules of Criminal Procedure, the Court may issue a protective order for "good cause." Fed. R. Crim. P. Rule 16 (d)(1). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure." *U.S. v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007) *citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir. 1994). "The injury must be shown with specificity" and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.*

Instantly, the Government seeks a protective order because their "unidentified individual" told law enforcement that he "felt threatened" to purchase a firearm on Mr. Acevedo's behalf on July 5, 2022, even though he was allegedly paid with drugs.  No other specifics have been provided to the

Court as to why the person felt threatened.  The Government notes that the firearm in question was used in a homicide that occurred on July 16, 2022, however, Mr. Acevedo has not been charged with any crime in relation to that homicide.  The Government is not relying on articulated, substantiated reasons for its request of a protective order, but rather generalized, conclusory statements of a danger to their "unidentified individual."

**II.    Even if the Court finds good cause for a protective order, the Government's proposed order is too broad.**

"Protective orders vary in range and type 'from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need.'" *United States v. Bulger,* 283 F.R.D. 46, 52 (D. Mass 2012); *quoting Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 532 (1st Cir. 1993). While "[b]lanket or umbrella protective orders can be 'useful and expeditious in large scale litigation[,]" they "can be overbroad and unnecessary." *United States v. Smith,* 985 F. Supp. 2d 506, 545 (S. Dist. NY 2013)(internal citations omitted); *See also United States v. Carriles,* 654 F. Supp. 2d 557, 565 (W. Dist. TX 2009)(noting, that "umbrella" protective orders may be used in cases involving "thousands of documents," but that such orders are "disfavored."(internal quotation marks omitted)).

2

When "determining what degree of protection is appropriate, courts should ensure that a protective order 'is no broader than is necessary' to serve the intended purpose."  *Smith,* 985 F. Supp. 2d at 545, (S. Dist. NY 2013) *quoting United States v. Lindh*, 198 F. Supp. 2d 739, 742 (E. Dist. VA 2002).

Here, the Government is seeking a protective order for "[a]ny and all [d]iscovery and Section 3500 [m]aterial." This request goes beyond the intended purpose of the protection order, specifically, to protect the identity of the Government's "unidentified individual."  If the Court finds there is good cause for a protective order, it should be limited to documents or other evidence as it relates specifically to the "unidentified individual."

## Conclusion

For the foregoing reasons, the Government's motion for a protective order should be denied, or in the alternative, the protective order should be limited to discovery specific to the Government's "unidentified individual."

Respectfully submitted,

Date: February 26, 2025

*/s/ Curt W. Schulz*
CURT W. SCHULZ, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA 204209
100 Chestnut Street, 3rd Floor
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*curt_schulz@fd.org*
*Attorney for Defendant*

3

## **CERTIFICATE OF SERVICE**

I, Curt W. Schulz, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Response in Opposition to the Government's Motion for a Protective Order to Limit Dissemination of Discovery and Section 3500 Material**, via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

> William A. Behe, Esquire
> U.S. Attorney's Office
> *william.behe@usdoj.gov*

Respectfully submitted,

Date: February 26, 2025

*/s/ Curt W. Schulz*
CURT W. SCHULZ, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA 204209
100 Chestnut Street, 3rd Floor
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*curt_schulz@fd.org*
*Attorney for Defendant*

4