## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 1:24-CR-289 |
| | : | |
| v. | : | |
| | : | |
| ALEJANDRO ESCUDERO-ACEVEDO, | : | (Wilson, J.) |
| | : | |
| Defendant | : | |

**FILED**
HARRISBURG, PA

APR 0 2 2025

PER _____ DEPUTY CLERK

## SUPERSEDING INDICTMENT

### THE GRAND JURY CHARGES:

### COUNT ONE
18 U.S.C. § 932(b) and (c) (2)
(Conspiracy to Straw Purchase a Firearm)

On or about July 5, 2022, within the Middle District of Pennsylvania, the defendant,

**ALEJANDRO ESCUDERO-ACEVEDO,**

did knowingly combine, conspire, confederate and agree with another person known to the grand jury to purchase a firearm, in or otherwise affecting interstate or foreign commerce, for, on behalf of, and at the request and demand of the defendant, knowing and having reasonable cause to believe that the defendant intended to use, carry, possess, or sell or otherwise dispose of the firearm in furtherance of a felony or a drug trafficking crime.

All in violation of Title 18, United States Code, Sections 932(b) and (c)(2).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT TWO
18 U.S.C. § 922(a)(6)
(False Written Statement Made During the
Purchase of a Firearm From a Licensed Firearms Dealer)

On or about July 5, 2022, within the Middle District of Pennsylvania, the defendant,

### ALEJANDRO ESCUDERO-ACEVEDO,

did knowingly and unlawfully aid, abet, counsel, command and procure the purchase of a firearm from a federally licensed firearms dealer, knowing that a false written statement would be made intended and likely to deceive the dealer with respect to a material fact as to the lawfulness of the sale, in that the defendant solicited another person, known to the grand jury, to purchase a firearm for the defendant knowing that in so doing the other person known to the grand jury would provide a false written response to one question on the Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, verified by the other persons signature, which asks if the person purchasing the firearm and filling out the form is the "actual buyer of the firearm". The other person

2

answered "yes" to the above referenced question when in fact both knew the defendant was the actual buyer.

All in violation of Title 18, United States Code, Sections 922(a)(6); Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT THREE
18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

Beginning on or about July 5, 2022, up to and including July 21, 2022, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendant,

### ALEJANDRO ESCUDERO-ACEVEDO,

did intentionally and knowingly possess a firearm, that is, a Glock 10mm loaded handgun, serial number BWTG845, in furtherance of a drug trafficking crime for which they he be prosecuted in a court of the United States, that is, the unlawful distribution and possession with the intent to distribute controlled substances, and did aid, abet, counsel, command, induce and procure same.

3

All in violation of Title 18, United States Code, Section 924(c)(1); Title 18, United States Code, Section 2; *Pinkerton v. United States*, 328 U.S. 640 (1946).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT FOUR</u>
18 U.S.C. § 922(j)
(Possession of Stolen Firearm)

On July 21, 2022, in Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

**ALEJANDRO ESCUDERO-ACEVEDO,**

did knowingly possess stolen firearms, to wit: a Smith & Wesson, Model M&P 9 Shield EZ, .9mm caliber handgun, Serial Number NHP8731, which had been shipped and transported in interstate and foreign commerce, knowing, and having reasonable cause to believe, the firearm was stolen.

All in violation of Title 18, United States Code, Sections 2, 922(j) and 924(a)(2).

4

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT FIVE</u>
21 U.S.C. § 846
(Conspiracy to Distribute Crack Cocaine)

From on or about January 1, 2022, up to and including August 1, 2022, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**ALEJANDRO ESCUDERO-ACEVEDO,**

did intentionally and knowingly unlawfully combine, conspire, confederate, and agree with a person and persons known and unknown to the grand jury to distribute and possess with the intent to distribute crack cocaine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C).

A TRUE BILL

JOHN C. GURGANUS
*Acting United States Attorney*

FOREPERSON

WILLIAM A. BEHE
Assistant United States Attorney

Date   4/2/25

5